IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

The United States of America,          :
ex rel John Doyle, et al.,
                                       :
      Plaintiffs,
                                       :
   v.                                  Case No. 2:04-cv-0053
                                       :
Diversified Collection                 JUDGE WATSON
Services, Inc.,                        :

      Defendant.                       :

OPINION AND ORDER

     Plaintiffs, John Doyle and Angela Lamp, filed this action on behalf of themselves and on behalf of the United States of America.  Both Mr. Doyle and Ms. Lamp borrowed student loan money from the United States.  When they did not (or could not) repay the loans, defendant Diversified Collection Services, which has entered into an agreement with the United States that permits it to collect student loan debts, attempted to collect from them.  The plaintiffs claim those efforts violated state and federal law as well as the agreement between Diversified and the United States.

     Plaintiffs seek individual relief based on claims asserted under the Fair Debt Collections Practices Act and state law.  They further seek relief on behalf of the United States for alleged violations of the contractual duties owed by Diversified to the United States to refrain from violating state or federal law, or to engage in prohibited debt collection practices, during the term of the agreement.  They claim that Diversified has falsely certified to the United States that it has been in material compliance with the loan collection agreement, and that the certification is a fraudulent statement giving rise to

liability under the False Claims Act, 31 U.S.C. §§3729 et seq.

The case is currently before the Court to consider competing motions to compel discovery and for a protective order.  Both motions relate to written discovery requests served by the plaintiffs on October 11, 2005.  Diversified requested and was granted an extension of time to and including December 15, 2005 to file responses.  It did not do so by that date, nor did it respond to a written inquiry from plaintiffs' counsel concerning the responses.  As a result, plaintiffs moved to compel.  Diversified responded by opposing the motion to compel and moving for a protective order.  Both motions are now fully briefed.  For the following reasons, the motion to compel will be granted and the motion for a protective order will be denied.

I.

Diversified faces both procedural and substantive hurdles in its effort to block the plaintiffs' discovery requests.  The Court will discuss each issue in turn.

A.

Procedurally, plaintiffs assert that Diversified waived any objections which it had to their discovery requests, and any right to seek a protective order, because it did not timely file a response to the discovery requests.  As noted above, the agreed extension of time to respond expired on December 15, 2005.  Diversified made no response of any kind to the plaintiffs' request, even the ones to which it did not object, until after plaintiffs filed the motion to compel.  In neither its response to the motion to compel nor its motion for a protective order has Diversified explained why it did not timely respond to the discovery requests.  In fact, in its reply memorandum in support of its motion for a protective order, it did not even address the argument that it waived objections to producing the documents in question because its response was not timely.

There is an abundance of case law holding that the failure to respond in a timely fashion to written discovery requests constitutes a waiver of any objections to providing the discovery, even objections based upon the attorney-client or work product privilege.  When faced with a similar situation, Judge Porter of this Court concluded that

> [u]pon the facts of this case, we find that defendant has proffered no reasonable or legally tenable explanation for its failure to timely comply with or otherwise respond to plaintiff's discovery requests.  We therefore do not examine plaintiff's specific objections to various of the interrogatories and requests for documents, finding that defendant has waived any objections it might otherwise have been entitled to assert.

Bailey v. Container Corp of America, 1985 WL 25632, *2 (S.D. Ohio 1985).

Whether "the untimely objection turns out to be legitimate and, thus, would have been sustained if it had been timely raised, is of little or no consequence."  Cleveland Indians Baseball Co. v. United States, 1998 WL 180623, *4 (N.D. Ohio 1998), citing Davis v. Romney, 53 F.R.D. 247, 248 (E.D. Pa. 1971).  The rule that objections are waived by an untimely response "applies with equal force to all objections, including those based on attorney-client privilege or attorney work product."  Id., citing Peat Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984).  Refusing to recognize that an untimely response constitutes a waiver would "completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."  Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988).  Although a court may examine the circumstances of each case where a waiver is claimed, including "the reason for tardy compliance, prejudice to the

3

opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable," Carfagno v. Jackson National Life Insurance Co., 2001 WL 34059032, *1 (W.D. Mich. 2001), where, as here, the defendant "does not attempt to excuse, or even explain, its delay in responding to plaintiffs' discovery requests," a finding of waiver is appropriate.  Id.

Like the Carfagno court, this Court finds that because Diversified "has not advanced any persuasive reason why the Court should exercise its discretion to relieve [Diversified] of the consequences of its waiver," the waiver will be enforced.  Id. at *2.  This decision renders it largely unnecessary to discuss the substance of Diversified's objections.

B.

Substantively, Diversified advances two arguments why the requested discovery should not be compelled.  The first is that much of the discovery relates to collection practices which Diversified may have engaged in with respect to persons other than the plaintiffs and to claims or litigation arising out of such practices.  Diversified asserts that because those matters are unrelated to the two individual plaintiffs' claims for relief, the discovery is simply not relevant.  The second objection raises privacy concerns on behalf of other debtors who have complained about Diversified's collection practices and on behalf of Diversified employees who may have been disciplined for engaging in unlawful collection practices.

With respect to the relevancy issue, as plaintiffs note, their third claim for relief is a claim advanced on behalf of the United States, as a contracting party, for recovery under the False Claims Act.  That statute provides, in 31 U.S.C. §3729(a), that any person who presents to the United State Government a false or fraudulent claim for payment is liable to the United

4

States for a civil penalty as well as three times the amount of damages which the United States has sustained because of the Act. 31 U.S.C. §3730(b) permits a private person to bring a civil action (a "*qui tam*" suit) for a violation of §3729 in the name of the United States, and to pursue that action without the participation of the United States if the United States declines to prosecute the case after the expiration of a sixty-day period for review.  If the action proceeds in that fashion, the individual plaintiffs are entitled to receive between 25 and 30 percent of the proceeds to the action or settlement.  31 U.S.C. §3720(d)(2).

In their *qui tam* claim, plaintiffs assert that beginning at least as early as February 13, 1998, and continuing to the present, Diversified has falsely certified to the United States that it is in compliance with its contractual obligations and therefore entitled to receive payment for its student loan collection activities.  The discovery requests at issue are relevant to the question of whether the certifications made by Diversified since that date in connection with collection activities directed toward persons other than the plaintiffs were accurate when made or constituted the type of false statement giving rise to liability under the False Claims Act.  Any objection as to the scope of the requested discovery (that is, whether it is too broad in light of the *qui tam* allegations made in the complaint) or the potential burden of compliance have been waived both because they were not timely asserted and because, even in its motion for a protective order, Diversified does not advance such arguments.  The fact that the requested discovery is relevant is a further reason to conclude that the waiver caused by Diversified's untimely response should be enforced.

Diversified's other argument is that some of the documents requested may contain personal information concerning either

5

other student loan debtors or its own employees which ought not to be disclosed.  Because this concern implicates the rights of non-parties to the litigation, the Court is more inclined to consider whether it is equitable to relieve Diversified of the obligation to produce such information even though it did not timely assert this ground for objection.  Nevertheless, as in most cases where sensitive personal information is at issue and is relevant to the underlying claims, such privacy concerns are more properly addressed through the issuance of a protective order which adequately safeguards the privacy interests of any non-parties.

    The Court cannot tell from Diversified's response the extent to which such privacy interests might be implicated were it to produce all of the requested documents.  Certainly, as plaintiffs point out, to the extent that the documents are already matters of public record, there are no privacy interests deserving protection.  To the extent that the documents will reveal additional matters not in the public record, however, and which might be sensitive (such as bank account numbers or balances, social security numbers, and similar types of information) the parties may either agree to redact any such information which is not pertinent to plaintiffs' claims, or they may agree upon an appropriate protective order limiting the use or dissemination of such information.  The same method can be used to protect any privacy interests of Diversified's employees.  The Court notes that it does not believe that the fact that an employee of Diversified may have received discipline for violating a federal or state statute in the course of attempting to collect a student loan is the type of information to which a protective order should apply.  Especially given Diversified's status as a contractor with the United States, the collection activities of its employees on behalf of the United States would seem

reasonably subject to scrutiny either by the United States or other parties suing on behalf of the United States for damages. Consequently, any concerns about privacy should be handled by the parties through the crafting of an appropriate agreed protective order. If the parties are unable to agree promptly on such an order, they shall contact the Court for further guidance.

II.

Based upon the foregoing, plaintiffs' motion to compel answers to plaintiffs' first request for production of documents (#20) is granted and Diversified's motion for a protective order (#25) is denied. Documents responsive to Document Requests 7, 8, 9, 13, 14, 15, and 30 shall be produced within 30 days of the date of this order. If the parties are unable to agree on an appropriate protective order concerning any confidential information which may be contained in those documents within ten days from the date of this order, they shall contact the Court for assistance in that process.

Further, all existing dates on the case schedule are vacated, including the dates for trial and final pretrial. The parties shall propose a new schedule for the completion of discovery and filing case-dispositive motions after the requested discovery is produced.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or

contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge